**EXHIBIT 1**

# Milwaukee County Case Number 2021CV000246 Donald Hess vs. MRS BPO, LLC

## Case summary

| Filing date | Case type | Case status |
|---|---|---|
| 01-14-2021 | Civil | Open - Electronic filing |

| Class code description | Responsible official | Branch ID |
|---|---|---|
| Money Judgment | Martens-27, Kevin E. | 27 |

### Party summary

| Party type | Party name | Party status |
|---|---|---|
| Plaintiff | Hess, Donald | |
| Defendant | MRS BPO, LLC | |

## Parties

### Plaintiff: Hess, Donald

| Date of birth | Sex | Race |
|---|---|---|
| | | |

**Address (last updated 01-14-2021)**
6531 West Forest Home Avenue, Greenfield, WI 53220 US

**Attorneys**

| Attorney name | Guardian ad litem | Entered |
|---|---|---|
| Blythin, John D. | No | 01-14-2021 |
| Eldridge, Mark A. | No | 01-14-2021 |
| Fruchter, Jesse | No | 01-14-2021 |
| Slatky, Ben J | No | 01-14-2021 |

### Defendant: MRS BPO, LLC

| Date of birth | Sex | Race |
|---|---|---|
| | | |

**Address (last updated 01-14-2021)**
1930 Olney Avenue, Cherry Hill, NJ 08003 US

## Court activities

| Date | Time | Location | Description | Type | Court official |
|---|---|---|---|---|---|
| 05-07-2021 | 05:00 pm | Milwaukee County Courthouse - 403 | Calendar call | Court | Martens-27, Kevin E. |

## Court record

| Date | Event | Court official | Court reporter | Amount |
|------|-------|----------------|----------------|--------|
| 04-21-2021 | Admission of service | | | |

**Additional text:**

-MRS BPO, LLC, filed by Attorney Mark Eldridge.

lrp

| Date | Event | Court official | Court reporter | Amount |
|------|-------|----------------|----------------|--------|
| 04-16-2021 | Electronic Notice Update | | | |
| 01-14-2021 | Exhibit | | | |

**Additional text:**

A

| Date | Event | Court official | Court reporter | Amount |
|------|-------|----------------|----------------|--------|
| 01-14-2021 | Filing fee paid | | | $289.00 |

**Additional text:**

Adjustment Number: 21A 003189,

Payable Number: 901315,

Receipt Number: 21RP001701,

Amount: $289.00

| Date | Event | Court official | Court reporter | Amount |
|------|-------|----------------|----------------|--------|
| 01-14-2021 | Case initiated by electronic filing | | | |
| 01-14-2021 | Summons and complaint | Martens-27, Kevin E. | | |

FILED
01-14-2021
John Barrett
Clerk of Circuit Court
2021CV000246
Honorable Kevin E.
Martens-27
Branch 27

| STATE OF WISCONSIN | CIRCUIT COURT | MILWAUKEE |
|---|---|---|

Donald Hess vs. MRS BPO, LLC

**Electronic Filing Notice**

Case No. 2021CV000246
Class Code: Money Judgment

MRS BPO, LLC
1930 OLNEY AVENUE
CHERRY HILL NJ 08003

Case number 2021CV000246 was electronically filed with/converted by the Milwaukee County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 5a4c9b**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 414-278-4120.

Milwaukee County Circuit Court
Date: January 14, 2021

GF-180(CCAP), 06/2017 Electronic Filing Notice    §801.18(5)(d), Wisconsin Statutes
This form shall not be modified. It may be supplemented with additional material.
Case 2:21-cv-00552-JPS   Filed 04/30/21   Page 4 of 21   Document 1-1

FILED
01-14-2021
John Barrett
Clerk of Circuit Court
2021CV000246
Honorable Kevin E.
Martens-27
Branch 27

**STATE OF WISCONSIN**      **CIRCUIT COURT**      **MILWAUKEE COUNTY**

| | |
|---|---|
| DONALD HESS,<br>6531 West Forest Home Avenue<br>Greenfield, WI 53220, | **SUMMONS** |
| | Case No.: _____ |
| Plaintiff, | Classification Code: 30301 |
| v. | |
| MRS BPO LLC<br>1930 Olney Avenue<br>Cherry Hill, NJ 08003, | **Jury Trial Demanded**<br><br>Amount claimed is greater than the<br>amount under Wis. Stat. §<br>799.01(1)(d). |
| Defendant. | |

THE STATE OF WISCONSIN, To each person named above as a Defendant:

You are hereby notified that the Plaintiffs named above have filed a lawsuit or other legal action against you. The Complaint, which is attached, states the nature and basis of the legal action.

Within forty-five (45) days of receiving this Summons, you must respond with a written Answer, as that term is defined in Chapter 802 of the Wisconsin Statutes, to the Complaint. The Court may reject or disregard an Answer that does not follow the requirements of the Statutes. The Answer must be sent or delivered to the Court, whose address is: Clerk of Courts, 901 North 9th Street, Milwaukee, Wisconsin 53223, and to Plaintiffs' attorney, whose address is Ademi LLP, 3620 East Layton Avenue, Cudahy, Wisconsin 53110. You may have an attorney help or represent you.

If you do not provide an answer within forty-five (45) days, the Court may grant Judgment against you for the award of money or other legal action requested in the Complaint,

1

and you may lose your right to object to anything that is or may be incorrect in the Complaint. A Judgment may be enforced as provided by law. A Judgment awarding money may become a lien against any real estate you own now or in the future and may also be enforced by garnishment or seizure of property.

Dated:  January 14, 2021                **ADEMI LLP**

                                      By:  <u>*Electronically signed by John D. Blythin*</u>
                                            John D. Blythin (State Bar No. 1046105)
                                          *Attorney for Plaintiff*

<u>Mailing address:</u>
3620 East Layton Avenue
Cudahy, Wisconsin 53110
Phone No.: 414-482-8000

2

FILED
01-14-2021
John Barrett
Clerk of Circuit Court
2021CV000246
Honorable Kevin E.
Martens-27
Branch 27

STATE OF WISCONSIN      CIRCUIT COURT      MILWAUKEE COUNTY

CIVIL DIVISION

---

| | |
|---|---|
| DONALD HESS, | : |
| 6531 West Forest Home Avenue | : |
| Greenfield, WI 53220, | : |
| | : **COMPLAINT** |
| | : |
| Plaintiff, | : |
| | : Case No.:_____ |
| | : Classification Code: 30301 |
| v. | : |
| | : |
| MRS BPO LLC | : |
| 1930 Olney Avenue | : **Jury Trial Demanded** |
| Cherry Hill, NJ 08003, | : |
| | : |
| Defendant. | : |
| | : |

---

COMES NOW Plaintiff Donald Hess, by his attorneys, Ademi LLP, and for a cause of action, states as follows:

## INTRODUCTION

1.    This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA") and the Wisconsin Consumer Act, Chs. 421-427, Wis. Stats. (the "WCA").

## JURISDICTION AND VENUE

2.    The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to Wis. Stat. § 801.05(3). Defendant's collection activities were directed at Wisconsin residents in Wisconsin. Venue in Milwaukee County is proper because the claim arose in Milwaukee County, and Defendant attempted to collect a debt in connection with a consumer transaction that occurred in Milwaukee County. Wis. Stat. §§ 801.50; 421.401(1)(a) ("The venue for a claim arising out of

a consumer transaction or a consumer credit transaction is the county: … Where the customer resides ….").

## PARTIES

3.    Plaintiff Donald Hess is an individual who resides in Milwaukee County.

4.    Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from Plaintiff a debt allegedly incurred for personal, family, or household purposes.

5.    Plaintiff is also a "customer" as defined in the WCA, Wis. Stat. § 421.301(17), in that the debt Defendant sought to collect from her arose from an agreement to defer payment.

6.    Defendant MRS BPO, LLC ("MRS") is a foreign limited liability company with its principal offices located at 1930 Olney Avenue, Cherry Hill, New Jersey 08003.

7.    MRS does substantial business in Wisconsin and has a registered agent for service of process in Wisconsin located at Cogency Global Inc., c/o Dane County Title Company, Inc., 901 South Whitney Way, Madison, Wisconsin 53711.

8.    MRS is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

9.    MRS is engaged in the business of collecting debts owed to others and incurred for personal, family, or household purposes.

10.    MRS is a debt collector as defined in 15 U.S.C. § 1692a and Wis. Stat. § 427.103(3).

## FACTS

11.    On or about January 24, 2020, Chase mailed an account statement to Plaintiff regarding an alleged debt. A copy of this account statement is attached to this complaint as Exhibit A.

2

12.    Upon information and belief, the alleged debt referenced in Exhibit A was incurred as a result of a transaction for household telecommunications services.

13.    Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

14.    Upon information and belief, Exhibit A is a form debt collection letter used by Defendant to attempt to collect alleged debts.

15.    Upon information and belief, Exhibit A is the first written communication Defendant mailed to Plaintiff regarding the alleged debt referenced therein.

16.    Exhibit A includes the following representations which largely reflect the statutory validation notice that the FDCPA, 15 U.S.C. § 1692g, requires the debt collector mail the alleged debtor along with, or within five days of, the initial communication:

**IMPORTANT CONSUMER INFORMATION**

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

17.    Exhibit A also includes the following representations:

CURRENT CREDITOR: SPECTRUM
MRS ACCT#: ██████2844
ORIGINAL CREDITOR ACCT#: xxxx4604
CURRENT CREDITOR ACCT#: xxxx7805
Principal Balance:  $209.52
Fees Balance: $173.08
Total Balance: $382.60
Charge off Date : 01/21/2020

18.    Exhibit A states that the "CURRENT CREDITOR" is "SPECTRUM."

19.    Additionally, Exhibit A includes the following representation:

Time Warner Cable is now Charter Communications - home of the Spectrum Brand.

3

20.    On the face of <u>Exhibit A</u>, it is impossible to determine which of "Spectrum," "Time Warner Cable," "Charter Communications," or the "Spectrum Brand" is the creditor.

21.    The ambiguity is exacerbated by the inclusion of both an "ORIGINAL CREDITOR ACCT#" and a "CURRENT CREDITOR ACCOUNT#."

22.    Upon information and belief based upon pre-suit investigation, "Spectrum" is not the creditor of Plaintiff's account – it is a brand name, not the entity holding the debt.

23.    <u>Exhibit A</u> thus fails to clearly and unequivocally disclose the name of the creditor to whom Plaintiff's alleged debt is owed.

24.    Confusing and misleading representations about the name of the creditor are material misrepresentations because they create the potential for fraud or double-payments. *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317 324-25 (7th Cir. 2016).

25.    For this reason, courts hold that a debt collector must clearly and unequivocally identify the current creditor to whom the debt is owed and "a FDCPA plaintiff states a claim when she alleges that the collection letter names the creditor in a manner that is unclear or confusing." *Blarek v. Creditors Interchange*, No. 05-cv-1018, 2006 U.S. Dist. LEXIS 60595, at *3 (E.D. Wis. Aug. 25, 2006); *see also, e.g., Dewees v. Legal Servicing, LLC*, 506 F. Supp. 2d 128, 133 (E.D.N.Y. 2007); *Walls v. United Collection Bureau*, No. 11-cv-6026, 2012 U.S. Dist. LEXIS 68079, at *5 (N.D. Ill. May 16, 2012); *Deschaine v. Nat'l Enter. Sys.*, No. 12-cv-50416, 2013 U.S. Dist. LEXIS 31349, at *3-5 (N.D. Ill. Mar. 7, 2013); *Aribal*, 2013 U.S. Dist. LEXIS 105355, at *12-13; *Braatz*, 2011 U.S. Dist. LEXIS 123118, at *3; *Pardo v. Allied Interstate, LLC*, No. 14-cv-1104, 2015 U.S. Dist. LEXIS 125526, at *8-9 (S.D. Ind. Sept. 21, 2015); *Long v. Fenton & McGarvey Law Firm, P.S.C.*, 223 F. Supp. 3d 773, 778-79 (S.D. Ind. Dec. 9, 2016); *Brinkmeier v. Round Two Recovery, LLC*, No. 15-cv-3693, 2016 U.S. Dist. LEXIS 97664, at *4 (E.D.N.Y. July

4

25, 2016); *Datiz v. Int'l Recovery Assocs.*, No. 15-cv-3549, 2018 U.S. Dist. LEXIS 127196 (E.D.N.Y. July 27, 2018), *adopted by,* 2018 U.S. Dist. LEXIS 163290 (E.D.N.Y. Sept. 24, 2018); *Smith v. Cohn, Goldberg & Deutsch, LLC*, 296 F. Supp. 3d 754, 761 (D. Md. 2017); *Taylor v. Alltran Fin., LP*, No. 18-cv-306-JMS-MJD, 2018 U.S. Dist. LEXIS 159862, at *6 (S.D. Ind. Sept. 19, 2018).

26.    Exhibit A also itemizes a "Fees Balance" of $173.03 along with a "Total Balance" of $382.60.

27.    An unsophisticated consumer would not understand what the "Fees Balance" was and would not know whether the "fees balance" comprised late fees, collection fees, equipment fees, or some other unspecified charges.

28.    The failure to clearly identify the nature of the "fees balance" is confusing and misleading to an unsophisticated consumer because an unsophisticated consumer would have no way of knowing whether the "fees" were legitimate and whether there was some way to avoid paying all or some portion of them by, *e.g.,* returning equipment.  *See Acik v. I.C. Sys.*, 640 F. Supp. 2d 1019, 1025 (N.D. Ill. 2009) ("ICS has violated section 1692e in failing to disclose what the 'Additional Client Charges' fee represented.").

29.    Plaintiff was misled and confused by Exhibit A.

30.    The unsophisticated consumer would be misled and confused by Exhibit A.

### *The FDCPA*

31.    Congress has described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt

5

collectors, to insure that those debt collectors who refrain from using abusive debt collection

practices are not competitively disadvantaged, and to promote consistent State action to protect

consumers against debt collection abuses").

32.    15 U.S.C. § 1692e generally prohibits: "any false, deceptive, or misleading

representation or means in connection with the collection of any debt."

33.    15 U.S.C. § 1692e(2)(a) specifically prohibits debt collectors from making false

representations about "the character, amount, or legal status of any debt."

34.    15 U.S.C. § 1692e(5) specifically prohibits "the threat to take any action that cannot

legally be taken or that is not intended to be taken."

35.    15 U.S.C. § 1692e(10) specifically prohibits: "The use of any false representation

or deceptive means to collect or attempt to collect any debt or to obtain information concerning a

consumer.

36.    15 U.S.C. § 1692g(a) states:

> Within five days after the initial communication with a consumer in
> connection with the collection of any debt, a debt collector shall, unless the
> following information is contained in the initial communication or the
> consumer has paid the debt, send the consumer a written notice
> containing—
>
> > (1) the amount of the debt;
> >
> > (2) the name of the creditor to whom the debt is owed;

37.    To satisfy § 1692g(a)(2), a debt collector must state the name of the creditor in a

non-confusing manner:

> Section 1692g(a) requires debt collectors to disclose specific information,
> including the name of the current creditor, in certain written notices they
> send to consumers.  If a letter fails to disclose the required information
> clearly, it violates the Act, without further proof of confusion.

*Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 319 (7th Cir. 2016).

6

### *The WCA*

38.     The Wisconsin Consumer Act ("WCA") was enacted to protect consumers against unfair, deceptive, and unconscionable business practices and to encourage development of fair and economically sound practices in consumer transactions. Wis. Stat. § 421.102(2).

39.     The Wisconsin Supreme Court has favorably cited authority finding that the WCA "goes further to protect consumer interests than any other such legislation in the country," and is "probably the most sweeping consumer credit legislation yet enacted in any state." *Kett* v. *Community Credit Plan, Inc.,* 228 Wis. 2d 1, 18 n.15, 596 N.W.2d 786 (1999) (citations omitted).

40.     To further these goals, the Act's protections must be "liberally construed and applied." Wis. Stat. § 421.102(1); *see also* § 425.301.

41.     To carry out this intent, the WCA provides Wisconsin consumers with an array of protections and legal remedies, including punitive damages. The Act contains significant and sweeping restrictions on the activities of those attempting to collect debts. *See* Wis. Stats. § 427.104.

42.     The Act limits the amounts and types of additional fees that may be charged to consumers in conjunction with transactions. Wis. Stats. § 422.202(1). The Act also provides injured consumers with causes of action for class-wide statutory and actual damages and injunctive remedies against defendants on behalf of all customers who suffer similar injuries. *See* Wis. Stats. §§ 426.110(1); § 426.110(4)(e). Finally, "a customer may not waive or agree to forego rights or benefits under [the Act]." Wis. Stat. § 421.106(1).

43.     Consumers' WCA claims under Wis. Stat. § 427.104(1) are analyzed using the same methods as claims under the FDCPA. Indeed, the WCA itself requires that the court analyze

7

the WCA "in accordance with the policies underlying a federal consumer credit protection act," including the FDCPA. Wis. Stat. § 421.102(1).

44.    Further, the Wisconsin Supreme Court has held that WCA claims relating to debt collection are to be analyzed under the "unsophisticated consumer" standard. *Brunton v. Nuvell Credit Corp.*, 785 N.W.2d 302, 314-15. In *Brunton*, the Wisconsin Supreme Court explicitly adopted and followed the "unsophisticated consumer" standard, citing and discussing *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994). *Id.*

45.    Wis. Stat. § 427.104(1)(g) states that a debt collector may not: "Communicate with the customer … in such a manner as can reasonably be expected to threaten or harass the customer."

46.    Wis. Stat. § 427.104(1)(h) states that a debt collector may not: "Engage in other conduct which can reasonably be expected to threaten or harass the customer …."

47.    Wis. Stat. § 427.104(1)(j) states that a debt collector may not: "Claim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist."

48.    Wis. Stat. § 427.104(1)(L) states that a debt collector may not: "Threaten action against the customer unless like action is taken in regular course or is intended with respect to the particular debt."

## COUNT I – FDCPA

49.    Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

50.    Exhibit A does not clearly identify the creditor to whom Plaintiff's alleged debt is owed.

51.    Defendant violated 15 U.S.C. § 1692e, 1692e(2)(a), 1692e(10), and 1692g(a)(2).

8

## COUNT II - FDCPA

52. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

53. The ambiguous reference to a "fees balance" in Exhibit A is deceptive, misleading, and confusing to an unsophisticated consumer.

54. By itemizing a "Fees Balance," Exhibit A includes representations which are false, deceptive, and misleading with respect to the amount, character, and legal status of Plaintiff's alleged debt and falsely threatens to assess such fees.

55. Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(a), 1692e(5), 1692e(10), and 1692g(a)(1).

## COUNT III – WCA

56. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

57. The ambiguous reference to a "fees balance" in Exhibit A is deceptive, misleading, and confusing to an unsophisticated consumer.

58. Defendant violated Wis. Stat. 427.104(1)(g), 427.104(1)(h), 427.104(1)(j), and 427.104(1)(L).

## CLASS ALLEGATIONS

59. Plaintiff brings this action on behalf of a class consisting of (a) all natural persons in the State of Wisconsin, (b) who were sent a collection letter by Defendant in the form of Exhibit A to the complaint, (c) with a "CURRENT CREDITOR" listed as "SPECTRUM," (d) between January 14, 2020 and January 14, 2021, inclusive, (e) that was not returned by the postal service.

9

60.     The class is so numerous that joinder is impracticable.  On information and belief, there are more than 50 class members.

61.     There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

62.     Plaintiff's claims are typical of the claims of the class members.  All are based on the same factual and legal theories.

63.     Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

64.     A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

65.     Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a)     actual damages (individual basis);

(b)     statutory damages (individual basis);

(c)     injunctive relief;

(d)     punitive damages;

(e)     attorneys' fees, litigation expenses and costs of suit; and

(f)     such other or further relief as the Court deems proper.

Dated:  January 14, 2021

**ADEMI LLP**

By:    *Electronically signed by Mark A. Eldridge*
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Jesse Fruchter (SBN 1097673)
Ben J. Slatky (SBN 1106892)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
jblythin@ademilaw.com
meldridge@ademilaw.com
jfruchter@ademilaw.com
bslatky@ademilaw.com

11

FILED
01-14-2021
John Barrett
Clerk of Circuit Court
2021CV000246
Honorable Kevin E.
Martens-27
Branch 27

# EXHIBIT A



S-SFMRSA11
PBIERU00301400 - 609726027 I02800
*Return Address :*
MRS BPO, L.L.C.
1930 OLNEY AVENUE
CHERRY HILL NJ 08003

Send Payment/Correspondence to:
MRS BPO, L.L.C.
1930 OLNEY AVENUE
CHERRY HILL NJ 08003
866-621-7673

Office Hours:
Monday - Thursday  9am - 9pm ET
Friday                     9am - 5pm ET



January 24, 2020

DONALD HESS
6531 W FOREST HOME AVE
GREENFIELD WI 53220-2403 24
GREENFIELD WI 53220-2403

Would you prefer to chat about payment options
via the web? You can visit us at www.mrsbpo.com
and chat with a representative.

CURRENT CREDITOR: SPECTRUM
MRS ACCT#: ████2844
ORIGINAL CREDITOR ACCT#: xxxx4604
CURRENT CREDITOR ACCT#: xxxx7805
Principal Balance:  $209.52
Fees Balance:  $173.08
Total Balance:  $382.60
Charge off Date : 01/21/2020

**Time Warner Cable is now Charter Communications -
home of the Spectrum Brand.**

Dear DONALD HESS,

The above referenced creditor has placed your account with our office for collection. We recognize that sometimes circumstances or events can make it difficult to satisfy your financial obligations.

Resolving a long overdue debt is never easy. Often the hardest part is taking the first step. We are ready to assist you to find a solution that is both fair and reasonable.

Payment may be made by calling 866-621-7673, mailing to the above address or by using our online payment website at https://portal.mrsbpo.com.

**IMPORTANT CONSUMER INFORMATION**

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Sincerely,

MRS BPO, L.L.C.
866-621-7673
LU1.12042844.15343101

Tax time is a great time to put issues like this behind you. Consider using any possible tax refund you may receive to satisfy your outstanding obligation.

This is an attempt to collect a debt and any information obtained will be used for that purpose.
This communication is from a debt collector.

001TWCwWP

STATE OF WISCONSIN        CIRCUIT COURT        MILWAUKEE COUNTY
CIVIL DIVISION

| | | |
|---|---|---|
| DONALD HESS, | : | |
| 6531 West Forest Home Avenue | : | Case No.: 2021cv000246 |
| Greenfield, WI 53220, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| | : | Hon. Kevin E. Martens |
| v. | : | Branch 27 |
| | : | |
| MRS BPO LLC | : | |
| 1930 Olney Avenue | : | |
| Cherry Hill, NJ 08003, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ACCEPTANCE OF SERVICE

Attorney Bradley R. Armstrong, hereby accepts and admits personal service of the Summons and Class Action Complaint filed on January 14, 2021, in the above-captioned matter on behalf of MRS BPO, LLC.

Attorney Armstrong represents that he is authorized to accept and admit service on behalf of the Defendant and hereby waives any and all objections that service of process was improper. The Defendant expressly preserves, and does not waive, any and all other rights, objections, and defenses that they may have to the complaint including but not limited to the court's jurisdiction, and the venue of the action.

The Defendant understands that it must file an answer or motion in response to the complaint within 45 days of April 1, 2021 and is at risk of a default judgment if no responsive pleading is timely filed.

Dated this 2nd day of April 2021.

**MOSS & BARNETT**

By:    <u>s/Bradley R. Armstrong</u>
        Bradley R. Armstrong
        150 South Fifth Street, Suite 1200
        Minneapolis, MN 55402
        Bradley.armstrong@lawmoss.com
        Phone No.  612-877-5359
        *Attorney for Defendant*